

40 Fulton Street – 23rd Floor – New York, NY 10038
Office: 212-235-5494 • Fax: 212-480-4444 • Email: Elizabeth@MacedonioLaw.com

February 5, 2018

Honorable Margo Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                          Re:  <u>United States v. Milton Contreras</u>
                               14 Cr. 00463-002 (MKB)

Dear Judge Brodie:

      This letter is submitted for Your Honor's consideration in the sentencing of Milton Contreras in the above-referenced matter. After reviewing the facts set forth below, it is requested that the Court fashion a fair and just sentence that complies with Title 18 U.S.C. § 3553(a). It is respectfully submitted that a guidelines sentence is appropriate in this matter.

**I.**      <u>**Facts of the Case**</u>

      This case epitomizes the dangers of gangs and the tragic impact on the lives of the young men involved. Mr. Contreras, the defendant herein, along with his co-defendants, killed fellow MS-13 gang member, Sidney Valverde with a single shot to the back of the head. Both Mr. Valverde and Mr. Contreras were 19 years old. Mr. Contreras was arrested for this offense on March 5, 2015 and has been in custody to date.

      On August 4, 2016, Mr. Contreras pled guilty before United States Magistrate Judge Ramon E. Reyes to Count 5 of a five-count second-superseding indictment. Count 5 charges that on February 25, 2014, Milton Contreras, Byron Lopez, Oscar Welman Espinoza-Merino, and others in the course of a violation of 18 U.S.C. § 924(c), to wit: the crime charged in Count 4, caused the death of a person through the use of a firearm, which killing was a murder as defined in 18 U.S.C. § 1111(a), in that the defendants, with malice aforethought, killed Sidney Valverde, in violation of 18 U.S.C. § 924(j)(1).

      The Probation Department has prepared a Presentence Report ("PSR") for the Court which includes a calculation of the advisory United States Sentencing Guidelines. Pursuant to USSG §1A1.1(a) the base offense level is 43. After applying a three-level reduction for timely acceptance of responsibility under USSG §3E1.1(a) and (b), the Total Adjusted Offense Level arrived upon in the PSR is 40. Mr. Contreras is in Criminal History Category I. The corresponding range of

Honorable Margo K. Brodie
United States District Judge
February 5, 2018

incarceration is 292-365 months. Mr. Contreras is scheduled to be sentenced by the Court on February 15, 2018.

## II.     Mr. Contreras' Background and Personal Characteristics

Mr. Contreras was born August 7, 1995, to his father Santiago Contreras and mother, Orvelina Villatoro, in Morazan, El Salvador. Santiago who is now age 60 and Orvelina age 54, worked as a farmer and homemaker respectively. The family was of little means. They raised Mr. Contreras and his older sister, Vilma Contreras in El Salvador. However, Vilma immigrated to the United States when Mr. Contreras was only three years old. Today, Mr. Contreras remains in contact with his parents in El Salvador and Vilma, who lives in Brentwood, New York, with her boyfriend and three children.

At the early age of 15, Mr. Contreras left El Salvador to join his sister in Brentwood in search of a better life. He entered the United States without inspection and remains undocumented.[1] Upon arriving to the United States and speaking no English, Mr. Contreras met other Salvadorian immigrants. Unfortunately, many were members of the violent gang MS-13 and recruited Mr. Contreras into their ranks through jumping him in (a violent gang attack initiation) when he was a teenager.

Mr. Contreras attended ninth grade at Brentwood High School in Queens but struggled academically and behaviorally. At the age of 17 he was arrested and charged with petit larceny for an incident involving another student where Mr. Contreras took her necklace from her neck. He pleaded guilty to petit larceny on April 8, 2014, and has not yet been sentenced. He was suspended for five days from school for this offense.

Mr. Contreras left high school in March 2014, at the age of 18. He had not yet completed the ninth grade. At the time, Mr. Contreras was working at a factory that produced baby wipes in Brentwood. In late 2014, Mr. Contreras, who had moved to Kansas City, found full time work as a construction laborer. After his incarceration beginning in March 2015, Mr. Contreras, worked in the MDC laundry room for a period of ten months.

## III.    The Law

Section 3553(a) of Title 18 provides that "[t]he court shall in every case impose a sentence sufficient, but not greater than necessary to comply with the purposes set out in paragraph (2) of this subsection." This "parsimony clause" applies at every federal sentencing "except as otherwise specifically provided." *Id.* Indeed, the command of the parsimony clause defines the Court's "overarching duty." *Pepper v. United States*, 131 S. Ct. 1229, 1243 (2011).

---

[1] There is an ICE detainer lodged against Mr. Contreras.

Honorable Margo K. Brodie
United States District Judge
February 5, 2018

Among the factors to be considered under § 3553(a) are (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, and (3) "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from future crimes of the defendant." 18 U.S.C. § 3553(a).

As the Supreme Court reaffirmed in *Pepper*, the sentencing judge is to "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." 131 S. Ct. at 1240 (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)). While the Guidelines are the "starting point and the initial benchmark," the Court "may not presume that the Guidelines range is reasonable." *Gall v. United States*, 128 U.S. 586, 596-97 (2007). The result is that "[a] sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008).

It is submitted that a guidelines sentence is sufficient but not greater than necessary to provide (1) "just punishment," (2) "adequate deterrence," (3) "protect[ion for] the public" and, (4) "the defendant with needed educational or vocational training." 18 U.S.C. § 3553(a).

Mr. Contreras was 19 years old when he committed this offense. A sentence of 292-365 months will be just punishment considering the decades that Mr. Contreras will spend incarcerated. Further, the guidelines range of 292 – 365 months is a sentence that the United States Sentencing Commission has found appropriate and reflects the serious nature of Mr. Contreras' offense.[2]

---

[2] Contrary to the PSR, the defendant's childhood arrival entry at the age of 15 constituting the petty misdemeanor of illegal entry 8 U.S.C. § 1325 is not grounds for an upward departure. In general, children who came to the United States prior to age 16, like Mr. Contreras, "lacked the intent to violate the law" at the time of their arrival. See Memorandum from Janet Napolitano, Secretary of Homeland Security Department of Homeland Security, Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children, available at https://www.dhs.gov/xlibrary/assets/s1-exercising-prosecutorial-discretion-individuals-who-came-to-us-as-children.pdf, last visited April 25, 2017. Similarly, Mr. Contreras' failure to file an income tax return for 2013 when he was 19 years old, did not speak English and was still attempting to finish the ninth grade, should not weigh heavily in this Court's sentencing determination. Nor should his failure to file for the 2014 year as he was incarcerated in March 2015 and charged with the instant offense at the time taxes became due. The aforementioned

Honorable Margo K. Brodie
United States District Judge
February 5, 2018

    Should he survive his prison term,[3] Mr. Contreras will be transferred directly to ICE custody in accordance with his ICE detainer and deported to El Salvador. The significant length of a guidelines prison term followed by immediate removal from the United States provides sufficient deterrence and protection for the public.

    Finally, a guidelines sentence would enable Mr. Contreras to obtain the high school education he never had and to continue his rehabilitative efforts with the goal of one day, much later in life, becoming a productive member of society. Indeed, since commencing his incarceration, Mr. Contreras has been involved in yoga, card making, chess, and health education at the MDC.

**IV.**    **Conclusion**

    It is respectfully submitted that in consideration of the defendants' young age at the time of the crime, the significant length of a guidelines sentence, and his acceptance of responsibility for the murder of Sidney Valverde, a guidelines sentence is appropriate.

    I thank Your Honor for her consideration in this matter.

    Respectfully submitted,

*Elizabeth E. Macedonio*
Elizabeth E. Macedonio
*Counsel for the Defendant*
*Milton Contreras*

cc:    AUSA Alixandra Smith - Via Electronic Mail

---

conduct is of low probative value and should not serve as an aggravating factor for a sentence in excess of his significant guidelines range of 292-365 months.

[3] Life in prison significantly shortens one's life expectancy. See *United States v. Taveras*, 436 F. Supp. 2d 493, 500 (E.D.N.Y. 2006) (Life expectancy in federal prison is considerably shortened).